SEA095961 / Summons ISS



___FILED ___ENTERED
___LODGED ___RECEIVED

MAY 13 2019   GT

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON STATE

19-CV-00710 BAT

| CHUCK PILLON | NO. |
| PLAINTIFF. | COMPLAINT OF VIOLATION OF TITLE |
| Vs. | 42 USC S. 1983: WILLFUL DEPRIVATION OF CIVIL RIGHTS |
| SCOTT MARLOW | |
| DEFENDANT. | |

**AUTHORITY FOR THIS COMPLAINT**

This Complaint is brought under the provisions of TITLE 42 UNITED STATES

CODE...SECTION 1983

This Section provides for recovery of damages for persons who are injured by

persons acting under cover of STATE LAW...who conspire or contrive to deny or

PILLON VS MARLOW
USC 1983 COMPLAINT                    Page **1** of **8**

interfere with RIGHTS GRANTED UNDER THE CONSTITUTION OF THE UNITED STATES OF AMERICA.

The hurdles for an ordinary citizen seeking to recover for government lawlessness are formidable of course. The Doctrine of Sovereign Immunity and Prosecutorial Discretion shield the Government from much in the way of claims that have even Obvious... but perhaps marginal... merit.

However... Section 1983 arose out of the realization that there must be some check and restraint on egregious government abuse in spite of the constraints of those two barriers.

THE OCCURRENCE OF "CONVICTIONS" AT TRIAL BASED UPON MALICE AND SUPPRESSION OF EVIDENCE BY AN ACTOR OF THE STATE ...MUST NOT BE A BAR TO THIS ACTION. INDEED THOSE "CONVICTOINS"... ARE SIMPLY EVIDENCE OF THE SUCCESS OF THAT INTENDED MALICE AND OTHER MISCONDUCT BY THE PROSECUTOR.

This claim arises out of the unlawful conduct of DEFENDANT SCOTT MARLOW acting under color of WASHINGTON STATE LAW in his capacity as ASSISTANT ATTORNEY GENERAL TO ROBERT FERGUSON...ATTORNEY GENERAL OF THE STATE OF WA.

The conduct of Scott Marlow in the conduct of an investigation and prosecution of PLAINTIFF PILLON under Cs # 16-1-05983-6 KNT in the SUPERIOR COURT of THE STATE OF WASHINGTON has been so outrageous and lawless as to make clear

that no claim as to PROSECUTORIAL DISCRETION can be cited to justify the abuse and loss PLAINTIFF PILLON has endured...and lives under threat of more such abuse.

This preliminary COMPLAINT is also filed to alert Attorney General Ferguson of the past abuse and likelihood of more such. Further it is intended to alert the UNITES STATES ENVIRONMENTAL AGENCY (EPA) that it has been deceived and misled into inflicting harm on PLAINTIFF PILLON and it should certainly assess this damage before risking further liability by continuing to blindly extend the malicious harm by further unwarranted action on the PILLON PROPERTY.

IT IS OF COMPELLING IMPORTANCE TO TERMINATION OF THIS ABUSE FOR COLLATERAL PARTIES (STATE AND EPA) FOR ALL TO KNOW THAT BOTH THE STATE OF WASHINGTON AND THE EPA HAVE...IN THE COURSE OF EVENTS SUBSEQUENT TO THE MALICIOUS TRIAL IN THIS MATTER... BOTH DISCOVERED AND CONFIRMED THAT EXCULPATORY EVIDENCE HAS EXISTED AND BEEN CONFIRMED BY THEIR GOOD EFFORTS:

AND...THAT EVIDENCE TO THIS EFFECT WAS KNOWN TO DEFENDANT MARLOW BEFORE HE FILED THESE INJURIOUS CLAIMS BEFORE THE SUPERIOR COURT...(16-1-05983-KNT), IN AUGUST 2016. IN SUPERIOR COURT Cs # 18-2-24755-1 KNT WHICH PLAINTIFF FILED AGAINST THE STATE IN LATE 2018....IN PRINCIPAL PART AGAINST DEFENDANT MARLOW... HONEST AGENTS OF THE WA. STATE DEPT. of ECOLOGY (DOE) CONFIMED THAT. THIS WAS STIPULATED BY THE STATE OF WA.

IN SETTLEMENT OF THAT RECENT CASE: 18-2-24755-1 KNT.

THE ORIGINAL INVESTIGATION OF WATER QUALITY (Feb 2016) BY DOE INDICATED IT WAS NOT HARMFUL TO THE WATERS OF THE STATE IN ANY DEGREE...AND DID NOT REQUIRE EVEN FURTHER TESTING...LET ALONE ANY INTERVENTION. THIS ENTIRE FILE WAS KNOWN TO DEFENDANT MARLOW...AND WAS THE SOLE SORCE OF EVIDENCE AVAILABLE TO HIM BEFORE TRIAL.

THIS EXCULPATORY EVIDENCE HAD BEEN REPEATEDLY PRESENTED BY PLAINTIFF TO DEFENDANT MARLOW. INITIALLY IN A MEETING WITH THE DOE TECHNICIAN THAT HAD EARLIER SO INFORMED PLAINTIFF...AND AGAIN IN A PRETRIAL MEETING WITH "OTHER PERSONS" PRESENT.

LIKEWISE PLAINTIFF HAD REQUESTED THAT DEFENDANT MARLOW ACTUALLY UNEARTH AND EXAMINE (TEST) THE MATERIAL IN THE COMPOST PILE...WHICH MARLOW WAS INSISTING WAS A "HAZARDOUS UNLAWFUL SOLID WASTE LANDFILL".

INSTEAD...IN THE COURT...AFTER PLAINTIFF HAD BEEN FINED BASED UPON THE ORIGINAL CONVICTION... DEFENDANT MARLOW ARRANGED A "RESTITUTION HEARING" AND CONCOCTED A FICTION THAT THIS "LANDFILL" WAS FILLED WITH "CONTAINERS"...VEHICLES...MISCELLANEOUS OTHER TRASH...AND HAZARDOUS MATERIAL. NO SUCH EVIDENCE HAD BEEN PRESENTED AT TRIAL!

BASED ON THIS CYNICAL FICTION... DEFENDANT MARLOW REPRESENTED TO THE

COURT THAT "THE STATE HAD ESTABLISHED A FORMULA FOR DETERMINING THE "CIVIL RESTITUTION" BASED ON THE ALLEGED VOLUME OF SUCH AN ILLEGAL LANDFILL.

FIRST DEFENDANT MARLOW STATED THAT THE ACTUAL **_PENALTY SHOULD BE $55 MILLION DOLLARS._** THIS...FOR WHAT AMOUNTS TO A HALF-CITY BLOCK SIZE PILE OF COMPOST. THEN IN A STROKE OF FAUX- MAGNANIMITY...DEFENDANT MARLOW STATED THAT OBVIOUSLY PLAINTIFF PILLON COULD NEVER MANAGE TO PAY THAT SUM. SO...HE STATED THAT THE STATE WOULD SETTLE FOR **_A PALTRY $3.8 MILLION DOLLARS._** AND CONVINCED THE COURT TO SET THAT AS THE SUM OF RESTITUTION.

**_THIS WAS A CLEAR...PREDATORY... EXERCISE TO INTIMIDATE PLAINTIFF PILLON INTO SURRENDERING THE LATTER SUM!_**

WHAT IS ALMOST HILARIOUS HERE IS THE FACT THAT AS A PRACTICING ATTORNEY...A PROSECUTORIAL OFFICER-OF-THE-COURT...DEFENDANT MARLOW WAS MOST CERTAINLY AWARE OF THE CONSTITUTIONAL PROHIBITION AGAINST SUCH OUTRAGEOUS MANIPULATION AND ATTEMPTED PLUNDER OF HAPLESS CITIZENS!

CONSIDER TOO...THAT THIS PAST FEBRUARY THE UNITED STATES SUPREME COURT RESTATED HOW LAWLESS THIS IS. BOTH THE EIGHTH AND FOURTEENTH AMENDMANTS WERE CITED BY THE JUSTICES AS LONG EVIDENT BARRIERES TO

SUCH PERNICIOUS CONDUCT BY GOVERNMENT!

**_THIS IS NOT "NEW LAW". THIS PROHIBITION HAS EXISTED SINCE THE WRITING OF THE CONSTITUTION ITSELF._**

THIS AGAIN MAKES CLEAR THAT NO "PROSECUTORIAL DISCRETION" DEFENSE CAN STAND HERE. CERTAINLY NO STATE AUTHORITY WOULD SUPPORT SUCH EGREGIOUS MISCONDUCT...UNLESS THE WA. STATE ATTY GENERAL SEES IT OTHERWISE.

IF THAT SHOULD HAPPEN...THE EFFECT IS TO HARNESS THE STATE WITH THE LIABILITY. THAT WOULD NOT BE PERMISSIBLE PUBLIC POLICY...AND THE STATE SHOULD RECOGNIZE THIS.

**FINALLY THEN...THE RECORD SHOWS THAT** THE EPA...IN LATE 2018... RESPONDING TO THESE UNPROVEN ALLEGATIONS ABOUT THIS LARGE-LONG-CONTINUING-COMPOSTING-OPERATION ...HAVING BEEN CONVINVCED BY THE DEFENDANT'S FICTION...ENTERED THE PILLON PROPERTY  PREPARED FOR A MAJOR EXCAVATION...REPLETE WITH MASSIVE EARTH-MOVING EQUIPMENT AT THE BEHEST OF THE DEFENDANT MARLOW...INSPITE OF PLAINTIFF's EXPLANATION OF THE TRUE NATURE OF THE COMPOST PILE.

THE EPA WAS SOON TO CONFIRM BY ACTUAL EXCAVATION THAT THIS "COMPOST PILE" WAS IN FACT JUST AS PLAINTIFF HAD DESCRIBED IT....COMPOSTED SOIL. AND EPA THENRESTORED THE EXCAVATION(s) PROMPTLY. THIS FACT IS

RECORDED IN AN EPA STATUS REPORT IN LATE 2018. SIMPLE MINOR EXCAVATIONS...AT FAR LESS EXPENSE...WOULD HAVE MADE CLEAR THAT PLAINTIFF WAS TRUTHFUL IN THIS MATTER...AS HE WAS IN ALL OTHER EXCHANGES WITH THE EPA.

IN POINT OF FACT...RATHER THAT BEING ENVIRONMENTALLY-UNFRIENDLY... COMPOSTING OF ORGANIC MATERIALS IS A HIGHLY PROMOTED ACTIVITY BY ALL ENVIRONMENTAL AGENCIES. THE EPA ITSELF PUBLISHES DOCUMENTS HIGHLIGHTING THE BENEFITS OF THIS PROCESS AND ITS PRINCIPAL PRODUCT.

IN THE CONTEXT OF THIS PRELIMINARY 42 USC 1983 COMPLAINT ...PLAINTIFF NOW NOTES SOME...(NOT ALL)...OF THE CONSTITUTIONAL...AND TORTIOUS... PROTECTIONS DEFENDANT MARLOW WILLFULLY DENIED PLAINTIFF PILLON IN THE COURSE OF THIS MALICIOUS EXERCISE:

1. DENIAL OF A FAIR TRIAL
2. DENIAL OF 4TH AMENDMENT PROTECTIONS.
3. VIOLATION OF EIGHTH AMENDMENT PROTECTIONS.
4. DENIAL OF 14TH AMENDMENT PROTECTIONS.
5. DEFAMATION.
6. LOSS OF FAMILIAL INTEGRITY.

**THIS ENTIRE PLEADING IS MADE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF WASHINGTON.**

IN THE SUBSEQUENT PLEADING...**(FIRST AMENDED COMPLAINT)**... PLAINTIFF WILL PROVIDE THE FURTHER ELABORATION NEEDED TO ADVANCE THIS CASE.

# **<u>REQUEST FOR COMPENSATION</u>**

**PLAINTIFF REQUESTS RECOVERY FROM THIS ABUSE IN THE SUM OF $10,000,000 (TEN MILLION) DOLLARS.**

SIGNED AT RENTON WA.          May 10, 2019

*/s/ C.E. Pillon*
_____

CHUCK PILLON     Pro Se.