UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHUCK PILLON,

                    Plaintiff,

        v.

SCOTT MARLOW, et al.,

                    Defendants.

CASE NO. 2:19-cv-00710 -BAT

**ORDER GRANTING MOTION TO
DISMISS OF DEFENDANT JULIA
GARRETT**

Defendant Judge Julia Garrett ("Judge Garrett") moves pursuant to Fed.R.Civ.P.

12(b)(6), to dismiss the amended complaint of Plaintiff Chuck Pillon ("Pillon"). Defendant

Garrett contends dismissal is required because she has judicial immunity and the *Younger*

abstention doctrine dictates this Court should not hear this case. Dkt. 13. In a response entitled

"Interim Pleading," Pillon argues he is entitled to summary judgment because the uncontested

facts show "grievous errors on the part of the two State agents here…Judge Julia Garratt and

AAG Scott Marlow." Dkt. 15 at 5.

The Court finds that the motion to dismiss should be granted because Judge Garrett is

immune from liability and abstention by this court is appropriate because federal adjudication of

Pillon's claims would interfere with a pending state court criminal matter.

REPORT AND RECOMMENDATION- 1

The State of Washington charged and convicted Pillon with unlawful dumping of solid waste without a permit under RCW 70.95.240. Dkt. 7 (Affidavit of Exhibits to Amended Complaint), Ex. 2, *State v. Pillon*, King County Superior Court Case No. 16-1-05983-6 KNT). Pursuant to RCW 70.95.240(3)(c)(i), it is a gross misdemeanor for a person to litter a cubic yard or more. If that occurs, the person shall pay a "litter cleanup restitution payment," which "must be the greater of twice the actual cost of removing and properly disposing of the litter, or one hundred dollars per cubic foot of litter." RCW 70.95.240(3)(c)(ii).

Pillon was also charged and convicted in the same case of violating the Hazardous Waste Management Act (RCW 70.105.085(1)(b) & .010) and wrecking vehicles without a license with a prior conviction (RCW 46.80.020). Dkt. 10, Exhibits 1-3, *State v. Pillon*, King County Superior Court Case No. 16-1-05983-6 KNT) (Ex. 1—first amended information), (Ex. 2 – findings of fact and conclusions of law), and (Ex. 3 – docket sheet showing conviction)).[1]

King County Superior Court Judge Julia Garratt presided over the trial and Assistant Attorney General Scott Marlow prosecuted the matter. Dkt. 6 at 3. After Pillon's conviction, the Superior Court had to determine the amount of payment, according to RCW 70.95.240(3)(c)(ii). Given the scale of the litter on Pillon's property, the State calculated that the volume of cubic waste on the property was 558,419.88 cubic feet. Dkt. 7, Ex. 5 at 3.

---

[1] The Court takes judicial notice of the filings in *State v. Pillon* (King County Superior Court Case No. 16-1-05983-6 KNT) and the documents attached to Pillon's "Affidavit of Exhibits re Amended Complaint" (Dkt. 7). *See e.g., Kimbro v. Miranda*, 735 F. App'x 275, 278 n.2 (9th Cir. 2018) (internal quotations and citations omitted) ("A court may consider exhibits attached to a complaint, . . . as well as document[s] the authenticity of which [are] not contested, and upon which the plaintiff's complaint necessarily relies[,] even if they are not attached to the complaint.")

REPORT AND RECOMMENDATION- 2

Rather than multiply that by $100 under RCW 70.95.240(3)(c)(ii) to arrive at a $55,841,988 penalty, the State proposed that the Superior Court follow a stipulation between the parties that Pillon brought 120 cubic yards of solid waste onto the property during the 12-month charging period. *Id*. The State contended that the $55 million was inappropriate. *Id*. That lead to a calculation under RCW 70.95.240(3)(c)(ii) of an award of $3,888,000. *Id*. The Superior Court agreed and entered an order setting litter cleanup restitution in the amount of $3,888,000. Dkt. 7, Ex. 2.

Pillon appealed to the Washington Court of Appeals, Division I. The parties' briefs have been filed and the matter is presently awaiting decision. Dkt. 10, Ex. 4. In his appellate brief, Pillon relies on the same factual allegations relating to the Superior Court's actions throughout the trial to support an alleged violation of his federal rights. Dkt. 7, Ex. 12.

Pillon also brought an action in King County Superior Court regarding the water quality near his property, which action led to a stipulation that Washington's Department of Ecology did not need further water samples. Dkt. 7, Ex. 3. However, there is no apparent connection between that stipulation and the solid waste on Pillon's property.

And finally, Pillon filed the lawsuit in this case, alleging violations under 42 U.S.C. § 1983 against the State of Washington, "in the persons of" AAG Marlow and Judge Garratt. Dkt. 6 at 1. Pillon alleges that AAG Marlow and Judge Garratt acted illegally throughout the course of the trial, that the water quality in a nearby river on the property shows that there is no need for further remediation, and Pillon was convinced not to allow individuals to stay on his property. Dkt. 6.

REPORT AND RECOMMENDATION- 3

Pillon asks the Court to vacate the litter cleanup restitution order, to order that all funds be returned to Pillon, and to award "punitive penalties" for "the emotional and practical harm Plaintiff has suffered." *Id.* at 21.

## LEGAL STANDARD

This Court should dismiss the amended complaint if the Court lacks jurisdiction over the subject matter of the dispute, or if the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(1), (6). In considering either basis for dismissal, the Court must accept as true all material factual allegations in the complaint. *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983). In deciding whether a complaint states a claim, the Court must additionally draw all reasonable inferences in favor of the plaintiff. *Id.* at 1300. The Court is not, however, required to accept as true a plaintiff's legal or conclusory allegations. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When the question involves jurisdiction of the federal court, the plaintiff must affirmatively establish jurisdiction, and that showing is not made by drawing inferences from the pleadings. *Norton v. Larney*, 266 U.S. 511, 515 (1925); *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998).

## DISCUSSION

A.   Judge Garratt – Judicial Immunity

Pillon alleges that Judge Garratt made statements during trial and sentencing that exhibited bias. Dkt. 6 at 7-10.

Judges are absolutely immune from suits that arise from acts performed within their judicial capacity. *See generally Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099 (1978). Judicial immunity applies even when a judge acts in excess of his or her authority. *Id.* at 356. This strong

REPORT AND RECOMMENDATION- 4

immunity protects judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants. *Forrester v. White*, 484 U.S. 219, 225, 108 S.Ct. 538 (1988). This immunity is immunity from suit, not a mere defense to liability, so a defendant with absolute immunity is entitled to dismissal before the commencement of discovery. *Mitchell v. Forsyth*, 472 U.S. 511, 526-27, 105 S.Ct. 2806 (1985).

Because Pillon's claims against Judge Garratt arise solely out of the state court proceeding over which she presided as a King County Superior Court Judge, Judge Garratt is entitled to absolute immunity and dismissal of the claims against her.

B.      *Younger* Abstention Doctrine

Judge Garratt also contends that the amended complaint should be dismissed under the *Younger* abstention doctrine. The *Younger* abstention doctrine is based on principles of equity and comity. *Younger v. Harris*, 401 U.S. 37, 43-46 (1971). The equitable principle at play is that courts should refrain from exercising their equitable powers when a movant has an adequate remedy at law. Notions of comity require the federal government to let states be "free to perform their separate functions in their separate ways." *Id.* at 44. The Ninth Circuit applies a four-part test to determine application of *Younger* abstention:

> We must abstain under *Younger* if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so*, i.e.*, would interfere with the state proceeding in a way that *Younger* disapproves.

*San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008).  Under these factors, *Younger* abstention applies.

REPORT AND RECOMMENDATION- 5

First, Pillon's state court criminal matter is currently on appeal. *See* Dkt. 10 Ex. 4. Second, the state court proceeding arises out of a prosecution that implicates important state interests as the State of Washington has a strong interest in enforcing its criminal laws. Third, Pillon has a full opportunity to raise his complaints in his case on appeal. Finally, federal adjudication of Pillon's claims would interfere with the pending state court criminal matter. In both actions, Pillon relies on the same factual allegations to support alleged violation of his federal rights.

Accordingly, the interests of equity and comity dictate this Court should abstain from adjudication of Pillon's claims because all four *Younger* abstention factors are satisfied and federal adjudication of Pillon's claims would interfere with a pending state court criminal matter.[2]

## CONCLUSION

Based on the foregoing, the Court **grants** the motion to dismiss of Defendant Julia Garratt (Dkt. 13) and **dismisses with prejudice** Plaintiff Chuck Pillon's claims against her.

DATED this 18th day of November, 2019.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

---

[2] As noted in the Order dismissing Pillon's claims against Scott Marlow and the State of Washington (Dkt. 16 at 7-8), the *Rooker-Feldman* doctrine also precludes this Court from exercising appellate jurisdiction over any final state-court judgments that have been or are entered in King County Superior Court Case Nos. 18-2-24755-1-KNT and 16-1-05983-6 KNT.

REPORT AND RECOMMENDATION- 6